UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

STEPHEN MATTIX,

    Plaintiff,

vs.                                                      CASE NO. 3:12-cv-475-J-34TEM

THE PANTRY, INC.,

    Defendant.
_____

## O R D E R

This cause is before the Court on Defendant's Motion to Preclude Plaintiff's Expert Report and for Sanctions (Doc. #20, Motion for Sanctions). Defendant requests the Court "preclude Plaintiff from using any expert report from the October 4, 2012 inspection, prohibit Plaintiff from conducting any further inspection of the subject property and compel Plaintiff and/or his counsel to pay reasonable expenses, including attorney's fees, for the preparation of this Motion [and the previous Motion for Enlargement] and any other relief this Court deems appropriate," Motion for Sanctions at 6, 9. Plaintiff has filed a response in opposition to Defendant's sought relief (Doc. #23, Response).

**Background**

This case involves one of five actions filed in this Court by Mr. Mattix and his counsel, Ms. Barbara Joyner, Esq., on April 26, 2012.[1] Plaintiff asserts he is an individual with disabilities under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12181 et seq., and

---

[1]The other four cases filed on this same date are: (1) *Mattix v. The Pantry, Inc.*, Civ. Action No. 3:12-cv-474-J-32JRK; (2) *Mattix v. The Pantry, Inc.*, Civ. Action No. 3:12-cv-476-J-12JBT; (3) *Mattix v. Kennard Investments V, L.C.*, Civ. Action No. 3:12-cv-477-J-34JRK; and, (4) *Mattix v. Curry-Thomas hardware, Inc.*, Civ. Action No. 3:12-cv-478-J-99MMH-JBT.

the Florida Accessibility Code (*see* Doc. #1, Complaint).  Plaintiff alleges he visited the subject property owned by Defendant, which is a Kangaroo Express Store located in Orange Park, Florida, and was denied full and fair enjoyment and access to the goods, services, facilities, privileges, advantages and/or accommodations of the property under Title III of the ADA.  *Id.* at 2-3.  Defendant answered the Complaint with denial of any violation of the ADA and further asserting, *inter alia*, that prior to the "institution of this action, Defendant had already implemented a plan to remove any existing barriers, to the extent the removal of said barriers [would be] readily achievable . . . " (Doc. #6, Answer, pp. 2-3, 6).

After the Court entered the Scheduling Order (Doc. #4) in this case, a dispute arose between the parties concerning the propriety of an expert inspection by Plaintiff's chosen expert.  On July 16, 2012, Plaintiff moved to compel the inspection of the facility within the time frame set forth in the standard scheduling order (*see* Doc. #10, Motion to Compel). Also on July 16, Defendant moved the Court for protection from the inspection because re-mediation of the subject property had already begun, but had not been completed (Doc. #11, Motion for Protective Order).  The Court held a hearing on the cross-motions, during which it was learned the modifications to bring the subject property into compliance with the ADA should be complete by the end of September.  The Court thus determined that an inspection while re-mediation was currently underway at the allegedly offending facility would serve no purpose (Doc. #17, Court Order).  In light of the facts set forth, the Court found good cause to modify the scheduling order to permit inspection by Plaintiff's expert be delayed until the first week of October 2012.  *Id.*

The parties were directed meet and confer and arrange a mutually agreeable date and time for the inspection by Plaintiff's expert during the first week of October.

Subsequently, another dispute arose when Defendant sought approximately a one week extension within which to permit Plaintiff's inspection (*see* Doc. #18, Motion to Enlarge Time). The parties had agreed to inspect the property on October 4, 2012, but according to Defendant, weather conditions and other unforeseen circumstances required the additional week to complete the re-mediation. After a flurry of email exchanges between September 28 and October 3, Defendant moved the Court to allow the inspection to occur by October 11 and stated Plaintiff's counsel refused to agree to the brief extension. *Id.* Determining a prompt ruling on the Motion to Enlarge Time was warranted, the Court entered its Order on October 4, 2012, directing Defendant to advise the Court when the re-mediation was complete **and** directing the parties to arrange the inspection by Plaintiff's expert within three weeks of completion, with the caveat that the Court be notified immediately if the work on Defendant's property was not finished by October 18 (*see* Doc. #19, Court Order).

Now another squabble has developed because Plaintiff's expert showed up to inspect the subject property at 11:00 a.m. on October 4, 2012. *See* Motion for Sanctions at 1-5; Response at ¶¶ 17-26.

**Analysis**

Defendant specifically asks the Court to prohibit Plaintiff "from introducing any expert report prepared from the October 4, 2012 inspection into evidence." Motion for Sanctions at 7. As noted above, Defendant also seeks monetary sanctions in the form of fees and costs for filing the instant Motion for Sanctions and the Motion to Enlarge Time, and equitable sanctions by precluding Plaintiff from any further inspections of Defendant's property. *Id.* at 9. Plaintiff counters that Defendant "flagrantly misstates the Court's Order

3

by omitting the Court's TRUE findings which are that Plaintiff was allowed to inspect the first week of October. **PERIOD**." Response at ¶ 37 (emphasis in original).  Plaintiff also asserts, "Defendant has incurred no expenses or damages due to Plaintiff's expert complying with the Court's Order and Defendant's counsel has filed a meritless Motion for Sanctions." *Id.* at ¶ 46.

Plaintiff's position is at best disingenuous.  It is clear from the information provided the Court that Plaintiff's counsel knew, at least by September 28, 2012, that Defendant sought an additional week to conduct the expert inspection, due to unforeseen delays in the modifications of Defendant's property.  *See* Motion for Sanctions, Ex. A; Response, Ex. F (email exchanges between counsel).  The action, or inaction, of Plaintiff's counsel in proceeding with an inspection at 11:00 a.m. on October 4,  when a motion requesting an enlargement of time had been filed at 2:25 p.m. on October 3, is not well taken.[2]  Dictates of professionalism and decorum between attorneys should have led to postponement of the inspection, pending a ruling from the Court on the requested extension.

That said, the Court finds Defendant's action in filing the Motion for Sanctions was premature and has resulted in an unnecessary use of judicial resources.  The Motion for Sanctions seeks a preemptive ruling to limit the evidence that may be introduced at trial. If Defendant desires to exclude evidence, the proper course of action is to file "a properly supported motion in limine at the appropriate time." *Mortgage Payment Protection, Inc. v. Cynosure Financial, Inc.*, No. 6:08-cv-1212-Orl-22DAB, 2010 WL 1708983, *3-4 (M.D. Fla. Mar. 15, 2010) (recommendation on evidence preclusion).  At this stage, Defendant has not

---

[2] The Court's review in such minute detail is prompted by Plaintiff's reference to precise dates and times in the Response.  *See* Response at ¶¶ 25-26.

represented that it has received an expert report from the October 4, 2012 inspection. Without knowledge of the contents of any such report, it is impossible for Defendant, Plaintiff or the Court, to determine its value or admissibility.  Moreover,  Plaintiff has affirmatively stated that Defendant has not incurred any expenses or damages from the conduct of the inspection itself.

While the Court finds Plaintiff's counsel showed a lack of good judgment in not postponing the October 4 inspection until the Court had ruled upon Defendant's Motion to Enlarge Time, the Court does not find the inspection itself has unduly prejudiced Defendant. That the parties' counsel seem unable to resolve these matters without the Court's intervention, however, is a matter of growing concern.

Upon review and consideration of the foregoing, it is hereby **ORDERED:**

1.   Defendant's Motion to Preclude Plaintiff's Expert Report and for Sanctions (Doc. #20) is **DENIED without prejudice as to issue of evidence preclusion**.

2.   Defendant's Motion to Preclude Plaintiff's Expert Report and for Sanctions (Doc. #20) is **DENIED as to the request for monetary sanctions**.  As noted above, the Motion for Sanctions was prematurely filed and such action does not warrant the imposition of monetary sanctions.  Defendant brought the Motion to Enlarge Time as a result of Defendant's inability to meet a previously agreed upon inspection date.  Plaintiff should not bear the expense for Defendant's need to enlarge a time frame set forth in the Court's earlier Order.

3.   Defendant's Motion to Preclude Plaintiff's Expert Report and for Sanctions (Doc. #20) is **TAKEN UNDER ADVISEMENT as to the request to preclude Plaintiff's expert from further inspection of the premises**.  The record to date reflects Defendant's

plan and intent to bring the subject property into compliance with the ADA (see, e.g., Answer, Defendant's Motion for Protective Order), plus Defendant's Notice of Completion Pursuant to the Court's October 4, 2012 Order (Doc. #21, filed October 12, 2012).  With the recently filed Motion for Summary Judgment (Doc. #22), Defendant's Vice President for Procurement, Construction and Development submitted an affidavit attesting to completion of Defendant's "Remedial Plan" and his non-expert opinion that the facility "is now ADA and ADAGG compliant."  However, there does not appear to be an expert report in the record that addresses the issue of ADA compliance.

If Plaintiff believes it necessary for an expert to inspect the facility in order to verify the modifications were made as stated and do, in fact, bring the subject property into ADA compliance, Plaintiff is given leave to file a motion with the Court requesting such inspection.  Any motion to inspect must be filed **by November 21, 2012**.[3]

4. The expenses of the October 4, 2012 inspection of Defendant's property by Plaintiff's expert shall be borne by Plaintiff.

**DONE AND ORDERED** at Jacksonville, Florida this  8th   day of November, 2012.

Copies to:

All counsel of record

*Thomas E. Morris*
THOMAS E. MORRIS
United States Magistrate Judge

---

[3] Plaintiff may want to consider simply revisiting the Kangaroo Store, that is the subject of this litigation, to ascertain whether he "can participate and benefit from the goods, services, privileges, advantages, facilities and accommodations. . . equal to that afforded other individuals." Complaint at ¶ 6.